**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| CHARLES EMERMAN, *et al.*, | CASE NO. 1:13cv2546 |
| Plaintiffs, | |
| v. | MAGISTRATE JUDGE GREG WHITE |
| FINANCIAL COMMODITY INVESTMENTS, *et al.*, | |
| | **MEMORANDUM OPINION & ORDER** |
| Defendants. | |

Pending before the Court is Plaintiffs Charles Emerman and Sidney Fund, L.P.'s "Motion for Leave to Amend Pleading to Add Additional Defendant under Fed. R. Civ. P. 15."[1] (Doc. No. 27.) For the following reasons, Plaintiffs' Motion is GRANTED.

**I. Procedural Background**

Plaintiffs Charles Emerman and the Sidney Fund LP ("Plaintiffs") filed a Complaint against Defendants Craig B. Kendall and Financial Commodity Investments on November 18, 2013, alleging (1) fraud and misrepresentation in violation of 7 U.S.C. § 60; and, (2) fraud in the inducement in violation of 7 U.S.C. § 6(b). (Doc. No. 1.) Plaintiffs filed an Amended

---

[1] This matter is before the Court upon consent of the parties entered August 28, 2014. (Doc. No. 20.)

Complaint on March 14, 2014, which added claims for breach of fiduciary duty under Virginia and Ohio law. (Doc. No. 3.)

The Amended Complaint alleges the following. Defendant Kendall is the sole owner of Financial Commodity Investments, LLC ("FCI"), a commodity trading advisor. (Doc. No. 3 at ¶¶ 4, 7.) One product advertised by FCI in Ohio was a Credit Premium Program ("CPP"), which was advertised as a discretionary trading program. *Id*. at ¶ 12. In September 2009, FCI published a Due Diligence Questionnaire regarding the CPP, which was distributed to potential clients and allegedly made representations that the trading method of the CPP would be a trader driven discretionary trading model directed by FCI employee Guarev Gupta.[2] *Id.* at ¶¶17, 21.

Around December of 2010, Plaintiffs made a $100,000 investment in the CPP based upon disclosures contained in the Questionnaire and other representations made by agents and employees of FCI.[3] *Id*. at ¶¶ 21-22. On May 1, 2011, FCI issued a Disclosure Document in which it notified clients that they would be informed of any changes in FCI's trading approach that FCI considered to be material. *Id*. at ¶¶ 24, 30. On August 2, 2011, the Sidney Fund invested $150,000 in the CPP. *Id*. at ¶ 31. In that same month, FCI allegedly switched from the trader driven discretionary model to a systematic computer based trading model. *Id*. at ¶¶ 32, 33.

---

[2] Plaintiffs allege Defendants represented that "[s]pecifically excluded from the trading methods are Systematic mechanical trading, Computerized trading, and Neural Network Trading." *Id.* at ¶ 20.

[3] Paragraph 22 of the Amended Complaint states that "FCI first invested $100,000 in the CPP on or about December of 2010." *Id*. at ¶ 22. However, based on the context and the allegation in the following paragraph that Plaintiff Sidney Fund "*continued to* invest in the CPP," the Court interprets Paragraph 22's reference to FCI to be a clerical error and presumes that the Amended Complaint intended to state that Plaintiffs invested $100,000 in the CPP in December 2010.

2

FCI allegedly failed to make Plaintiffs aware of this change. *Id*. at ¶ 34. After this change, Plaintiffs began to suffer significant investment losses in the CPP. *Id.* at ¶ 35. When inquiries were made, Defendants allegedly reported that it was a "bad market" and that "there were no other internal explanations for the losses." *Id.* at ¶ 38.

Plaintiffs did not become aware of the change in the trading methodology until after April 2012. *Id*. at ¶ 39. Upon being informed about this change, Plaintiffs withdrew their remaining investment funds from the control of FCI, allegedly suffering a substantial loss. *Id.* at ¶ 40. Plaintiffs claim that, at the time of withdrawal, the value of their investments had been reduced by an amount in excess of $150,000. *Id*. at ¶ 41.

The Amended Complaint states claims for (1) fraud and misrepresentation in violation of 7 U.S.C. § 60; (2) fraud in the inducement in violation of 7 U.S.C. § 6(b); (3) breach of fiduciary duty under Virginia law; and, (4) breach of fiduciary duty under Ohio law. (Doc. No. 3.) On April 9, 2014, Kendall filed a Motion to Dismiss for Failure to State a Claim and for Improper Venue or, in the Alternative, Motion to Transfer Action to the National Futures Association Arbitration Panel ("NFA"). (Doc. No. 6.) The motion was denied on July 22, 2014.[4] (Doc. No. 14.)

Defendants filed an Answer and Counterclaim on August 5, 2014. (Doc. No. 15.) Therein, Defendants claim that "at all times relevant to this matter, FCI's Credit Premium Program ("CPP") has been a trader-driven discretionary trading model" and "at no time during

---

[4] Defendant Kendall also filed a motion to represent FCI in his *pro se* capacity. During a telephonic status conference on April 21, 2014, the Court informed Kendall that he was prohibited from representing a corporation *pro se* and denied his motion. (Doc. No. 7. at 2.) Thus, the Court construed Kendall's Motion to Dismiss or, in the Alternative, Transfer as being filed on behalf of Kendall in his individual capacity only. *Id*.

the life of CPP did FCI or Craig B. Kendall move to a systematic computer-based trading model." *Id*. at 2. Defendants also assert that Plaintiffs filed arbitration claims against Defendants with the National Futures Association in October 2012 and December 2012. Defendants state that both claims were rejected based on "technical deficiencies." *Id.* As Counterclaims, Defendants assert the following causes of action: (1) declaratory judgment; (2) abuse of process; (3) barratry; and, (4) civil conspiracy. (Doc. No. 15 at 2-3.) On August 28, 2014, Plaintiffs moved to dismiss Defendants' counterclaims for failure to state a claim upon which relief may be granted. (Doc. No. 21.)

On September 16, 2014, a Case Management Conference was conducted, at which time certain discovery and dispositive motions deadlines were set. (Doc. No. 24.) In addition, the Court ordered that the parties would have until December 1, 2014 to file a motion for leave to join parties and/or amend the pleadings. *Id*. at 1. A settlement conference was scheduled for January 8, 2015. (Doc. No. 25.)

Three days prior to the settlement conference, on January 5, 2015, Plaintiffs filed the instant Motion for Leave to Amend Complaint (Doc. No. 27.) Therein, Plaintiffs seek leave to add an additional Defendant (Financial Investments, Inc.) and add additional causes of action "to encompass the actions of said new Defendant." *Id*. at 1. Plaintiffs allege that Financial Investments, Inc. ("FII") is also owned by Defendant Kendall and shares the same physical address and phone numbers as Defendant FCI. Plaintiffs maintain, however, that FII "was the actual entity with which Plaintiffs were transacting business during all times pertinent to the Complaint." *Id.* Indeed, Plaintiffs allege that discovery has revealed that Defendant FCI did not exist and, instead, FII was the "only legal entity in existence during the time period at issue in

4

this matter." *Id.* at 5.  Plaintiffs assert that Defendants "either negligently or affirmatively" hid this information from potential investors.  *Id.*

Plaintiffs also filed a Motion to Continue Mediation.  (Doc. No. 28.)  The basis for Plaintiffs' motion was "the newly discovered information tending to prove that a currently unnamed third party, Financial Investments Inc. was both the real party in interest and real party responsible for the actions complained of in the original complaint." *Id.*  Plaintiffs' motion to continue was granted on January 6, 2015.  (Doc. No. 29.)

## II. Legal Standard

Rule 15 reads as follows:

**(a) Amendments Before Trial**.

(1) *Amending as a Matter of Course*.  A party may amend its pleading once as a matter of course within:

    (A) 21 days after serving it, or

    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2) *Other Amendments*.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires**.

Fed. R. Civ. P. 15(a) (emphasis added).

Factors that may affect the determination of whether to allow a party to amend its pleading under Rule 15(a)(2) include undue delay in filing; lack of notice to the opposing party; bad faith by the moving party; repeated failure to cure deficiencies by previous amendment; undue prejudice to the opposing party; and, futility of the amendment.  *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001).  *See also Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.

2010). Delay alone is not a sufficient reason to deny leave to amend, but notice and substantial prejudice are critical factors in the determination. *Id. Partner & Partner, Inc. v. Exxonmobil Oil Corp.*, 326 Fed. Appx. 892, 899 (6th Cir. 2009). Nonetheless, "it is well settled law that [a] district court may deny a motion to amend if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Martin v. Assoc. Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986) (*citing Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)); *see also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). In other words, where the amendment would be futile, there is no reason to allow it. *See, e.g., Colvin*, 605 F.3d at 294.

### III. Analysis

Plaintiffs acknowledge that the deadline for amending the pleadings has passed, but argue the Court should nevertheless allow amendment of the Complaint in light of newly discovered information that FII is the "real party in interest." They maintain Defendant FCI was not a legal entity during the time period at issue and, further, that this important fact was not disclosed to potential customers, either through marketing literature, disclosures and/or through registration information provided to the National Futures Association ("NFA"). Plaintiffs argue that "the need to add FII as a defendant did not become apparent until [they conducted] an exhaustive cross referencing of databases and registries for the State of Virginia, the [United States Commodity Futures Trading Commission], and the NFA to name the primary sources." (Doc. No. 31 at 5.) Based on this information, Plaintiffs assert FII is "at a minimum equally responsible for the acts complained of." (Doc. No. 27 at 5.) They further argue Defendants' failure to disclose the "true nature of FCI," as well as FII's past history of disciplinary citations, provides

6

"additional grounds for causes of action under the statutes already named in the complaint." *Id.*

Defendants argue Plaintiffs' Motion should be denied because it is "procedurally improper and their delay is prejudicial." (Doc. No. 30 at 1.) Defendants emphasize that, by their own admission, Plaintiffs' request to amend is based on information that Defendants provided in September 2014 as part of Initial Disclosures. Defendants note Plaintiffs nonetheless waited until January 5, 2015 to move to amend, well past the Case Management Order's pleading amendment deadline and only three days prior to the scheduled mediation conference. Defendants assert this chain of events demonstrates a lack of diligence on Plaintiffs' part, and argue it would be unduly prejudicial to allow amendment at this late date. Finally, Defendants maintain Plaintiffs should not be permitted to amend because Defendant FCI was, in fact, a corporate entity during the relevant time period.

The Court finds leave to amend is appropriate under the circumstances presented. Although the material provided by Defendants as part of Initial Disclosures led Plaintiffs to question FII's potential involvement in this matter, Plaintiffs assert that significant, additional effort and research was required to determine that FCI did not exist as a legal entity during the relevant time period and that FII was, in fact, the real party in interest. Specifically, Plaintiffs claim that numerous state, federal, and private regulatory board searches had to be conducted in order to ascertain the connection between FCI and FII; FII's disciplinary history; and, FCI's corporate status. Moreover, while not passing on the merits of Plaintiffs' assertion, the Court notes Plaintiffs have supported their Motion with documentation allegedly demonstrating the allegations set forth therein.

Defendants strongly contest Plaintiffs' assertions that FCI was not in existence during the

relevant time period, claiming such an allegation is "plainly false." (Doc. No. 30 at 3.) They insist FII need not be added as a defendant in this matter as "FII had no contractual relationship with Plaintiffs, and FCI was, at all times relevant to this case, a fully licensed and accredited business." (Doc. No. 32 at 1.) The Court finds it cannot determine this issue at this stage in the litigation, however, as discovery is not yet complete and the matter has not been fully briefed. Thus, the Court is unwilling to say, based on the record before it, that Plaintiffs should be denied the opportunity to amend the pleadings as requested on the ground that to do so would be futile.

Finally, the Court recognizes that the pleading amendment date set forth in the Court's Case Management Order has passed. However, as set forth *supra,* delay alone is not a sufficient reason to deny leave to amend. *See Wade,* 259 F.3d at 459. Moreover, Defendants have not demonstrated they would be prejudiced by allowing Plaintiffs to amend the Complaint. As Plaintiffs correctly note, neither the discovery or dispositive motions deadlines in this matter have expired. Moreover, Plaintiffs have indicated that, should leave to amend be granted, no more than two months of additional time would be necessary to allow for discovery of FII. (Doc. No. 28 at 2.)

Accordingly, and for all the reasons set forth above, Plaintiffs' Motion for Leave to Amend the Complaint is granted. (Doc. No. 27.)

### IV. Conclusion

For the reasons set forth above, Plaintiffs' Motion for Leave to Amend the Complaint (Doc. No. 27) is hereby GRANTED. Plaintiffs shall have seven (7) days from the date of this Order to file their Second Amended Complaint.

Defendants shall file an Answer as required by the Federal Rules of Civil Procedure and,

at that time, may reassert their Counterclaims if they so choose. As such, Plaintiffs' previously filed Motion to Dismiss Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 21) is DENIED WITHOUT PREJUDICE as moot. In the event Defendants choose to reassert Counterclaims in response to the Second Amended Complaint, Plaintiffs are not barred from seeking dismissal of said claims.

    IT IS SO ORDERED.

                                              /s/ Greg White
                                              U.S. Magistrate Judge

Date: January 27, 2015

Case: 1:13-cv-02546-GW Doc #: 33 Filed: 01/27/15 10 of 10. PageID #: 468